## RAMSEY v. STATE TAX COMMISSION

Dennis L. Marvin, Bend, Oregon, argued the cause and submitted a brief for plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, Oregon, argued the cause and submitted a brief for defendant.

Decision for defendant rendered June 27, 1966.

EDWARD H. HOWELL, Judge.

The question in this case is whether the plaintiffs properly elected to report a sale of real property on the installment basis in their tax return for 1963.

ORS 316.190 permits a gain on a sale of real property to be reported on the installment basis. The statute also states:

"(2) If the transaction is reported by the taxpayer as resulting in a gain, an election to report a casual sale or other casual disposition of real or personal property on the instalment basis *must be clearly manifested in the first return of the taxpayer made for the tax year in which the sale or*

*other disposition was made* or, if no payments are received in that year, in the first year in which payments are received. If such manifestation is not so made, or if the sale or disposition is omitted from the return, or if the transaction is erroneously and in bad faith reported as resulting in a loss, the entire gain, as determined by ORS 316.260, shall be included in income for the tax year in which the sale or disposition was made; however, if no initial payment is received in the year of sale or other disposition, the entire gain shall be included in the taxable year in which the initial payment is made." (Emphasis supplied.)

Plaintiffs filed a tax return which reported the sale as follows:

"ALFRED B. and MAE E. RAMSEY, 1963

"GAINS FROM SALE OF PROPERTY— SCHEDULE

| "Kind of Property | Date Acq. | Date Sold | Gross Sales Price | Cost, Improvements, Expense of Sale | Gain or Loss |
|---|---|---|---|---|---|
| "(1) * * * | | | | | |
| "(2) | | | | | |
| Ranch Land | 10/61 | 9/63 | $44,000.00 | $19,100.00 | |

Deferred payment sale elected. Sale on conditional contract of sale without notes, bonds, or other evidence of indebtedness received.

"(3) * * *."

The parties have stipulated that the above statement was in error in reporting that no down payment or installments were paid or gains to be reported in the year of the sale.

Later, (and apparently on April 12, 1965, according to the file stamp on the exhibit) plaintiffs filed an amended return showing that payments had in fact been received in the year of the sale.

The defendant commission has denied the plaintiffs the right to elect to report the sale on the installment

basis on the grounds that the election was not "clearly manifested in the first return of the taxpayer made for the year in which the sale or other disposition was made" as required by the statute.[1]

■ When the statute specifically refers to the "first return" of the taxpayer it must refer to the original and not an amended return.

The first return filed by the plaintiffs did not clearly manifest an election to use the installment method of reporting the sale.

■ In *Hanson Bros. Log. Co. v. Commission*, 1 OTR 230, 240 (1962), the court stated the following about how an installment election should be clearly manifested to comply with the statute:

> "To be clearly manifested, the election must be shown on the return by words or figures or both in such manner that no interpretation reasonably can be made other than that an election has been made. This does not mean that no other interpretation is possible but rather that no other interpretation is reasonably probable. This coincides with the commission regulation when it requires that the information be sufficient to put the commission on notice of the taxpayer's intent so to elect. If a contrary intent is reasonably discernable from the return, then the election has not been clearly manifested."

The defendant's Reg 316.190(2) concerning reporting sales on the installment method states:

> "Notice of Election to Report on Instalment Basis. The clearest manifestation of the election to report a casual sale on the instalment basis requires a showing of the taxpayer's basis in the

---

[1] The statute also permits the installment sale to be reported in the first year in which payments were received if no payments were received in the year of sale. However, this is not material in this case because the parties have stipulated that payments were made in the year of sale.

property and the adjustments thereto, the total sales price, the gain on the sale, the percentage of the total sales price attributable to gain, the total amount received in the tax year and an application of the percentage to such amount to show the gain reportable. *The minimum requirements on the first return by the taxpayer after a sale in which he intends to claim the benefit of this section are a statement of the total selling price, the basis in the property and the amount received by the taxpayer in the year in question.* No matter what may be the intent of the taxpayer, no election to report on the instalment basis can be honored without sufficient data in the return for the year in which the first payment is received on account of the sale which would put the commission on notice of intent to claim such election. Affirmative action, through the medium of the first return, filed for the tax year in which the initial payment is received, is required of the taxpayer claiming the benefits of this section." (Emphasis supplied.)

It is apparent that the plaintiffs did not clearly manifest an election to report on the installment basis and did not comply with the statute or the regulation. The plaintiffs could not have been confused in the terminology used in reporting the sale because the original return also reported two other sales as installment sales so the distinction apparently was recognized. The original return reported all sales as follows:

"ALFRED B. and MAE E. RAMSEY, 1963
"GAINS FROM SALE OF PROPERTY—
SCHEDULE

| "Kind of Property "(1) | Date Acq. | Date Sold | Gross Sales Price | Cost, Improvements, Expense of Sale | Gain or Loss |
|---|---|---|---|---|---|
| Ranch land | 12/61 | 1/63 | 11,250.00 | 6,801.55 | 4,548.45 |

(½ interest) *Installment Sales Method Elected*

| | |
|---|---|
| Profit Ratio .4043% x 2,500.00 received in 1963 | 1,010.75 |

"(2)
Ranch Land   10/61   9/63   44,000.00   19,100.00
*Deferred payment sale elected.* Sale on conditional contract of sale without notes, bonds, or other evidence of indebtedness received.
"(3) Bandley Ranch
1961 *Installment Sale*
Profit Ratio 39.851% x 1,575.50 received in 1963      627.22
                                                               1,637.97"

(Emphasis supplied)

The above would indicate that plaintiffs had made one sale in September 1963. However, when the amended return was filed it showed that three sales had been involved and combined in the one reported as (2) above. The amended return showed a sale in September 1963 for $35,000; another in September 1963 for $4,000, and one in February 1963 for $4,000, and installment sales elected on two of the three sales reported. It also appeared that $13,250 had been received in the year of sale.

The plaintiffs did not clearly manifest an election to report the sale or sales on the installment basis in the first return for 1963 as required by the statute and the regulation. In fact, they affirmatively elected and reported a deferred payment sale.

The order of the tax commission is affirmed.

Costs to neither party.