## WILLIAM E. and LUCILE LUHR *v.* DEPARTMENT OF REVENUE

Robert E. Chidester, Brown and Jones, Attorneys at Law, Portland, represented plaintiffs.

Alfred B. Thomas, Assistant Attorney General, Department of Revenue, Salem, represented defendant.

Decision for defendant rendered December 31, 1969.

EDWARD H. HOWELL, Judge.

The plaintiffs appeal from an income tax deficiency assessed against them by the defendant for the tax year 1966.

During a divorce proceeding and property settlement between A. Lucile Luhr (hereinafter referred to as plaintiff) and her former husband certain shares of

stock owned by plaintiff in Kirby Company were redeemed by the corporation. The first payment on the stock was made to plaintiff in 1966 and the balance was to be paid in installments in later years.

The plaintiff failed to report the gain realized on the sale of the stock in her 1966 Oregon personal income tax return because she thought the sale was a part of the property settlement in the divorce proceeding. In 1968 the plaintiff discovered the error, filed an amended return for 1966 and elected to report the sale on the installment basis under ORS 316.190.

The Department of Revenue disallowed the plaintiff's election to report the sale on the installment basis because the sale was not reported in plaintiffs' first tax return. Regarding the reporting of sales on the installment basis ORS 316.190(2) provides as follows:

"(2) *If the transaction is reported by the taxpayer as resulting in a gain, an election to report* a casual sale or other casual disposition of real or personal property *on the instalment basis must be clearly manifested in the first return of the taxpayer made for the tax year in which the sale or other disposition was made* or, if no payments are received in that year, in the first year in which payments are received. *If such manifestation is not so made, or if the sale or disposition is omitted from the return, or if the transaction is erroneously and in bad faith reported as resulting in a loss, the entire gain,* as determined by ORS 316.260, *shall be included in income for the tax year in which the sale or disposition was made;* however, if no initial payment is received in the year of sale or other disposition, the entire gain shall be included in the taxable year in which the initial payment is made." (Emphasis supplied.)

■ The requirement in the above statute that the election to report on the installment basis must be made in the "first return of the taxpayer" means the original and not an amended return. *Ramsey v. Commission*, 2 OTR 394 (1966).

The plaintiff contends that her failure to report the gain and elect the installment method on her original return was an honest mistake or error and therefore she should be allowed to report the sale on the installment basis in an amended return.

The second sentence of ORS 316.190(2) above provides that the entire gain from the sale is taxable in the year of sale (or year of initial payment) if (1) the taxpayer *reports the sale* as resulting in a gain in his first return and *does not elect* to have the sale treated as an installment sale or (2) the sale or transaction is *omitted from the return* or (3) the transaction is erroneously and in bad faith *reported* as resulting in a loss.

■■ The only place in the above statute that the element of good faith or honest error of the taxpayer excuses the taxpayer from failing to report the sale in the first return and electing the installment basis is in cases where the transaction was not only reported in the first return but was also reported as resulting in a loss. In all other instances the installment method is not available unless the sale was reported in the first return as resulting in a gain and an election to use the installment basis was clearly manifested in the first return. Here the sale was completely omitted from the first return and the statute clearly and specifically provides that such omission precludes use of the installment method and the entire gain from the sale is taxable.

The plaintiffs cite *Reaver v. Commissioner,* 42 TC 72 (1964) and *Hornberger v. Commissioner,* 289 F2d 602, 7 AFTR2d 1418, 61-2 USTC ¶ 9453 (1961). The cases are not applicable. The courts were not dealing with a statute that required the reporting of the sale and election to use the installment basis on the *first return.* In addition, in *Reaver* the taxpayers reported the sale on their original return.

In *Hornberger* the transaction was omitted from the first return and the court allowed the taxpayers the benefit of the installment basis when they reported the sale and elected the installment basis on an amended return. However, the court pointed out that it was not "dealing with a statute which in express terms requires an *election* by the taxpayer at a certain time or in a certain manner, or that in fact even mentions an 'election' at all."

In determining whether the taxpayer is entitled to report under the installment method the legislature has provided in ORS 316.190(2) that the intent of the taxpayer is a factor only in cases where the taxpayer erroneously reports the transaction as resulting in a loss. The legislature did not see fit to liberalize the statute in the other instances including those where the taxpayer fails to report the sale in the first return. This court cannot add a good faith factor in cases where the sale was omitted when the legislature did not see fit to do so.

The order of the Department of Revenue is affirmed.