I. INTRODUCTION
This is one of several cases, specially designated by the court to the Regular Division, that involve challenges to the actions of the Department of Revenue (the department) in connection with contested donations of certain "kicker" refunds to the State School Fund. The matter is before the court on stipulated facts and cross-motions for summary judgment.
 II. FACTS
From time to time, individual income taxpayers in Oregon are entitled to so-called "kicker" refunds when state revenues exceed state budgeted expenses. See ORS291.349(4).[1] A taxpayer may, by irrevocable election, donate the amount otherwise to be refunded to the State School Fund. ORS 305.792(2)(a), (b). Plaintiffs Jack Schmidt and Lynette Dupeé (taxpayers) used a computer program to prepare their 2006 Oregon income tax return. After taxpayers entered information into the computer program, taxpayers printed a copy of the final return and submitted it to the department.
On the return received by the department, a box had been checked that indicated that taxpayers wanted to donate any "kicker" refund due them to the State School Fund. In 2007, taxpayers learned that a substantial "kicker" refund *Page 504 
was due for the 2006 year and that taxpayers' refund had been contributed to the State School Fund. Because taxpayers maintain they did not intend to make that contribution, taxpayers challenged the actions of the department in paying the refund to the State School Fund. The department based its actions on a policy that the department developed and applied generally. Under that policy, the department would not make refund payments to anyone who used computer software in preparing a return if the donation box was checked on the front page of a "paper" return filed with the department.
The challenge made by the taxpayers was similar to other challenges of department action in respect of returns prepared with the use of computer software. See Coleman v. Dept. ofRev., 19 OTR 511, 2008 WL 4335680 (2008); Knudson v.Dept. of Rev., 19 OTR 507, 2008 WL 4335677 (2008);Schaefer v. Dept. of Rev., 19 OTR 515, 2008 WL 4335678
(2008). Those other challenges fell into two groups, both of which involved electronically prepared and filed returns where the electronic "copy" received by the department showed the donation box checked. The first group included persons who, when asked to do so by the department, made a copy of the front page of the return submitted to the department showing the school donation box as not having been checked. The second group was in every way similar to the first group except that the copy of the front page of the return submitted to the department showed the school donation box checked. The department refunded donated "kicker" amounts to the first group and did not make refunds to the second group.
 III. ISSUE
The issue is whether the action of the department in refusing to make a "kicker" refund payment to taxpayers was valid.
 IV. ANALYSIS
1,2. As an initial matter, the law provides that taxpayers bear the burden of proof in this proceeding. ORS 305.427. On the question of whether taxpayers, in fact, checked the donation box on the return form, taxpayers conceded at the *Page 505 
hearing on this matter that they must have done so because they conceded that the box was checked on the printed return that they signed and submitted to the department. Under ORS305.792(2)(b), an election to contribute refunds to the State School Fund makes the election irrevocable. Accordingly, under ORS 305.792, taxpayers are considered to have made the election and it may not be revoked. The presence of the checked box on the filed return must be viewed as conclusive objective evidence that the intent to make the donation existed.
Taxpayers also challenge the propriety of the action of the department in refusing refunds to them while making refunds to some other persons who employed computer programs in the preparation of returns and filed returns electronically. Taxpayers recognize that only electronic filers who submitted a copy of the first page of the 2006 return showing the donation box not checked are entitled to a refund under the department policy. Taxpayers point out, however, that such copies could be produced by modifying the entry in the computer program to remove a check in the donation box, printing the modified return, and submitting that document to the department as a copy of the original return.
3. The legal principles applicable to the challenge made by taxpayers under Article I, section 20, of the Oregon Constitution and the Equal Protection Clause of the United States Constitution are well settled. Where, as hen;, the classification among citizens by the government does not implicate a "suspect" category or impair a fundamental right, the court upholds a classification decision of the government if the court can conceive of any possible rational reason for making the classification distinction. See MassachusettsBd. of Retirement v. Murgia, 427 US 307, 312, 314-15,96 S Ct 2562, 49 L Ed 2d 520 (1976); McGinley and McGinley,172 Or App 717, 723-30, 19 P3d 954, rev den, 332 Or 305
(2001).
In this case, the classification decision by the department could have been, and at oral argument the department said it was, based on a view that computer error might have occurred such that a later printed copy of the electronically filed return would show the box not to have been checked, even though the electronic copy received by the department *Page 506 
showed the donation box checked. Of course, the ability of some to submit a "copy" of an electronically prepared return might also be a reflection of an alteration in the computer program prior to the creation of the "copy." However, the legal principles applicable here afford to the department the right to make the decision it made. That decision may not be as logical or complete as some would like, but the court cannot say that, in making its decision, the department strayed outside of its constitutional boundaries.
4. This court has jurisdiction only over challenges to the tax laws and the actions of the department. ORS 305.410. It does not have jurisdiction over questions of whether persons or programs employed by return filers may have or produce liability if the person's or program's actions or products result in returns that do not reflect the actual intent of the person filing the return. On the question over which this court has jurisdiction, the court concludes that the actions of the department were valid.
 V. CONCLUSION
Now, therefore,
IT IS ORDERED that the motion of taxpayers is denied; and
IT IS FURTHER ORDERED that the cross-motion of the department is granted. Costs are awarded to neither party.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition. *Page 507