I. INTRODUCTION
This is one of several cases, specially designated by the court to the Regular Division, that involve challenges to the actions of the Department of Revenue (the department) in connection with contested donations of certain "kicker" refunds to the State School Fund. The matter is before the court on stipulated facts and cross-motions for summary judgment.
 II. FACTS
From time to time, individual income taxpayers in Oregon are entitled to so-called "kicker" refunds when state revenues exceed state budgeted expenses. See ORS291.349(4).[1] A taxpayer may, by irrevocable election, donate the amount otherwise to be refunded to the State School Fund. ORS 305.792(2)(a), (b). Plaintiffs Jonathan and Amy Knudson (taxpayers) used a computer program to prepare their 2006 Oregon income tax return. After taxpayers entered information into the computer program, taxpayers submitted their return to the department electronically.
On the return received by the department, a box had been checked that indicated that taxpayers wanted to donate any "kicker" refund due to taxpayers to the State School Fund. In 2007, taxpayers learned that a substantial "kicker" refund was due for the 2006 year and that taxpayers' refund had been contributed to the State School Fund. Because taxpayers maintain they did not intend to make that contribution, taxpayers challenged the actions of the department in paying the refund to the State School Fund. The department based its actions on a policy it developed and applied generally. Under that policy, the department would make refund payments to anyone who used computer software in preparing and electronically filing a return, but only if the taxpayer in question provided the department with a copy of the front page of the return showing the school donation box as not having been checked. Taxpayers submitted a copy of the *Page 509 
return created by their computer, but the return showed the refund donation box checked.
 III. ISSUE
The issue is whether the action of the department in refusing to make a "kicker" refund payment to taxpayers was valid.
 IV. ANALYSIS
1,2. As an initial matter, the law provides that taxpayers bear the burden of proof in this proceeding. ORS 305.427. On the question of whether taxpayers, in fact, checked the donation box on the return form, taxpayers concede that the box was checked on the return received by the department. Under ORS305.792(2)(b), an election to contribute refunds to the State School Fund makes the election irrevocable. Accordingly, under ORS 305.792, taxpayer is considered to have made the election and it may not be revoked. The presence of the checked box on the filed return must be viewed as conclusive objective evidence that the intent to make the donation existed. Given that the legislature decided to make the election irrevocable, the court cannot conclude that the legislature nonetheless intended that taxpayers could come in after the filing of the return to establish a contrary subjective intent.
3. The position in which taxpayers find themselves is analogous to that of a person who retains an individual tax return preparer. The only difference is that in this case the "preparer" is technological and not personal. In either case, if the preparer improperly indicates an intention to contribute a refund when a taxpayer does not intend to make the contribution, the preparer may bear legal responsibility for the loss. That does not, however, alter the irrevocable nature of the election actually or objectively made. This court has jurisdiction only over challenges to the tax laws and the actions of the department. ORS 305.410. It does not have jurisdiction over questions of whether persons or programs employed by return filers may have or produce liability if the person's or program's actions or products result in returns that do not reflect the actual intent of the person filing the return. On the *Page 510 
question over which this court has jurisdiction, the court concludes that the actions of the department were valid.
 V. CONCLUSION
Now, therefore,
IT IS ORDERED THAT the motion of taxpayers is denied; and
IT IS FURTHER ORDERED that the cross-motion of the department is granted. Costs are awarded to neither party.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition. *Page 511