IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| STEVEN D. TURNER<br>and LINDA B. TURNER, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 250077R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE,<br>State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs appealed Defendant's written objection determination, dated January 2, 2025, which concluded that Plaintiffs had irrevocably elected to donate their 2023 "kicker" credit refund to the State School Fund. (Compl at 3.) That determination also found that Plaintiffs' subsequent amended tax return was ineffective in revoking that election. The parties submitted cross-motions for summary judgment with supporting written briefs.

## I. STATEMENT OF FACTS

Under ORS 291.349,[1] in odd-number years, the state must return surplus funds (kicker credit) to personal income taxpayers when actual revenues exceed the biennial revenue forecasts by at least two percent. To be eligible to receive a tax kicker credit, taxpayers must have filed a return for the tax year immediately preceding the kicker year and have minimal to no current tax liability. ORS 291.349(5)(f). If a taxpayer meets these eligibility requirements, then the kicker is automatically applied or refunded to the taxpayer. ORS 291.349(4), (5)(f), (8); OAR 150-291-0300.[2]

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2022.

[2] The court's references to the Oregon Administrative Rule (OAR) are to 2022.

Taxpayers may elect to donate their kicker credit to the State School Fund. ORS 305.792(1). Once the election has been made, it may not be revoked by filing an amended tax return. ORS 305.792(2)(c). There were three required steps for a taxpayer to elect to donate their kicker credit for the 2023 tax year.[3] The first step is to enter a "0" on Line 38 – the amount of the kicker credit. (Def's Ex at 5.) The second step is to check the box on Line 55(a) indicating a "[k]icker donation." (Def's Ex at 6.) The third step is to enter the donated kicker amount on Line 55(b). The instructions for Line 55(b) state "This election is irrevocable." *Id*.

Plaintiffs filed their joint 2023 tax return on March 21, 2024. (Def's Ex 1.) Plaintiffs were eligible to receive a tax kicker credit of $3,340. (Compl at 1; Ans at 1.) They left Lines 38 and 55(a) blank but entered $3,340 on Line 55(b). (Compl at 1; Def's Ex 6.) On May 1, 2024, they filed an amended tax return removing the Line 55(b) entry. (Def's Rpt at 1.) Defendant denied the amended tax return as untimely and treated the kicker as donated. (Compl at 1; Def Rpt at 1.)

## II. ANALYSIS

The issues before the court are whether Plaintiffs validly elected to donate their 2023 kicker credit and, if so, whether their amended tax return could alter that election.

Summary judgment is proper where, construing the facts in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact" such that "the moving party is entitled to prevail as a matter of law." *See* Tax Court Rule-Magistrate Division (TCR-MD) 13; Tax Court Rule (TCR) 47 C; *Tektronix, Inc. v. Dept. of Rev.*, 354 Or 531, 533, 316 P3d 276 (2013). The court begins its analysis by determining whether the Plaintiffs made a valid

---

[3] Or. Dept. of Rev., 2023 Form OR-40 Instructions (Rev. Mar. 20, 2024), https://www.oregon.gov/dor/forms/FormsPubs/form-or-40-inst_101-040-1_2023.pdf (providing official instructions for completing the 2023 Oregon Form OR-40 individual income tax return)

election to donate their kicker credit.

A.      *Whether Plaintiffs Made A Valid Tax Election*

This court has held that a tax election must be manifested "by words or figures or both in such manner that no interpretation reasonably can be made other than that an election has been made." *Hanson Bros. Logging Co. v. Commission*, 1 OTR 230, 240 (1962).  If a taxpayer's contrary intent is reasonably discernable, "then the election has not been clearly manifested." *Hanson Bros.*, 1 OTR at 240; *Ramsey v. State Tax Commission*, 2 OTR 394 (1966).  The requirement is not that no other interpretation is possible, but that no other interpretation is reasonably probable under the circumstances.  (*Id*.)

Plaintiffs completed only one of the three required steps: they entered their kicker amount on Line 55(b).  The omission of "0" on Line 38 and the absence of a check on Line 55(a) cast doubt on the taxpayers' intent and renders the tax return ambiguous on its face.

B.      *Effect of Mistaken or Incomplete Election*

The Regular Division of this court has held that a taxpayer's mistaken intent about their elections does not invalidate an otherwise valid election.  *Schmidt v. Dept. of Rev.*, 19 OTR 502, 503 (2008); *Coleman v. Dept. of Rev.*, 19 OTR 511, 512 (2008).  In a case involving the 2007 tax year kicker credit, the court found that a taxpayer's inadvertent checking of the election box in their electronically filed tax return created an unambiguous election that was irreversible under ORS 305.792.  *Schmidt*, 19 OTR at 505.  This decision was reinforced in another case involving the 2007 tax year kicker credit wherein a professional tax preparer's inadvertent checking of the election box did not invalidate the tax election.  *Coleman*, 19 OTR at 513.  The Regular Division of this court has treated the presence of the checked box as conclusive evidence of a valid election, regardless of the taxpayer's subsequent claims or actual intentions.  (*Id*.)  In both cases,

the court analyzed the legislative and statutory intent of ORS 305.792, finding that the statute purposefully made a valid election to donate irrevocable once the taxpayer's tax return was finalized. *See Schmidt*, 19 OTR at 505; *Coleman*, 19 OTR at 513.

Plaintiffs here contend that their entry on Line 55(b) of the 2023 OR-40 was made by mistake and does not constitute a valid election to donate its kicker credit. (Ptfs' Mot Summ J at 1-2.) Defendant argues that Plaintiffs' entry of the full kicker credit amount on Line 55(b) was sufficient to manifest a valid election under ORS 305.792 and that such election is irrevocable regardless of Plaintiffs' claimed mistake. (Def's Mot Summ J at 1.) In *Schmidt* and *Coleman*, the taxpayers made complete, unambiguous elections using a simpler form that required just one checkbox. *See Schmidt*, 19 OTR at 505; *Coleman*, 19 OTR at 513. By contrast, the process for the 2023 tax year required three discrete actions, making this case materially different.

C.      *Conclusion Regarding Tax Kicker Donation Validity*

This court has consistently upheld mistaken elections that were complete and unambiguous, but not incomplete elections. *Schmidt* at 505; *Coleman* at 513. An incomplete filing that permits more than one reasonable interpretation is ambiguous. Under *Crawford v. Commission*, 3 Or. Tax at 190 (1968), ambiguous elections cannot be recognized by Defendant.

Defendant maintains that ambiguity is immaterial because the Department was entitled to rely on the entry in Line 55(b) alone. (Def's Mot Summ J at 1, ¶ 2.) However, the court finds that the ambiguity in Plaintiffs' tax return prevents the formation of a valid and binding election, and Defendant lacked authority to treat the filing as a valid election. The court concludes that the timing of Plaintiffs' amended tax return is immaterial because no valid election was made in the first place.

/ / /

## III. CONCLUSION

Upon careful consideration of the facts and arguments presented, the court finds that the Department's acceptance of Plaintiffs' incomplete kicker donation election under ORS 305.792 was invalid. Defendant's motion for summary judgment is denied and Plaintiffs' motion for summary judgment is granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs are entitled to their kicker refund for the 2023 tax year.

_____
POUL F. LUNDGREN
MAGISTRATE

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.***

***This document was signed by Magistrate Poul F. Lundgren and entered on August 20, 2025.***